IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. CR-03-00167-001-HE |
| ) | |
| HARVEY EUGENE STAFFORD, JR.,   ) | |
| ) | |
| Defendant.    ) | |

## REPORT AND RECOMMENDATION

Defendant, a prisoner[1] appearing pro se, has filed a "Motion for Correction of Document, Judgement [sic] and Sentence, with Request for Order Nunc Pro Tunc." Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The United States has responded to the motion, and thus the matter is at issue and ready for disposition. For the reasons stated herein, it is recommended that the motion be denied.

By his motion, Defendant requests the Court to "correct" the judgment and sentence imposed in this case, claiming that the language therein is not specific enough – leading to a possible misinterpretation by the Oklahoma Department of Corrections (ODOC) which is currently administering Defendant's parole revocation on a state-imposed sentence of imprisonment for possession of a controlled dangerous substance (methamphetamine) with intent to distribute. Case No. CF-1997-2890, District Court of Oklahoma County (1997 case). A federal detainer has been lodged with ODOC, as

---

[1] Defendant is currently serving a sentence of imprisonment resulting from a State conviction, and is housed at the Jess Dunn Correctional Center in Taft, Oklahoma. As will be addressed within this Report and Recommendation, he also has a federal detainer lodged against him.

Defendant's federal sentence of imprisonment is to be served consecutively to the 1997 case.

Defendant was convicted in this Court pursuant to his plea of guilty to one count of felon in possession of a firearm and one count of distribution of methamphetamine, for which he received the following sentence of imprisonment on October 7, 2004:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of thirty six (36) months. This consists of terms of thirty six (36) months as to each count, to be served concurrently with one another. Pursuant to § 5G1.3, the court finds that the defendant is entitled to 15 months credit for incarceration already served in Oklahoma County case numbers CF-02-4315 and CF-02-6838. **This sentence shall run consecutively to the defendant's state sentence, Oklahoma County case numbers CF-97-2890** (parole revocation); and concurrently to defendant's state sentence, Oklahoma County case numbers CF-02-4315 and CF-02-6838.

[Doc. No. 48, p. 2] (emphasis added). Defendant did not appeal.

Defendant contends that he has approximately six months left to serve on his 1997 state criminal case. Defendant's Motion, p. 2 ¶ 4. He claims that officials at ODOC claim that he has a current federal detainer, and that his federal sentence will not start running again until he completely discharges his 1997 state case. Id. at p. 3 ¶ 5-6. He claims that since his 2002 state cases have run concurrently with his 1997 state case, his federal case has not stopped running and has long since terminated. Id. at ¶ 7-8. He also claims that there "remains a question of 3 months and 5 days, which [Defendant] remained in Federal custody after he was sentenced and for which he has never received credit." Id. at ¶ 10. Defendant contends that the placement and retention of a federal detainer affects his eligibility for a lower security rating, and that he has served approximately "5 years flat time (day for day) since receiving this Federal sentence...." Id. at p. 3-4, ¶ 11, 14.

The United States contends that although Defendant may be serving his three state-imposed sentences concurrently, his term of imprisonment according to his federal judgment of conviction clearly provides that he will not begin serving his federal sentence until he has completed the sentence of imprisonment in the 1997 case. Plaintiff's Response, p. 2-3. The United States further states that the federal detainer will allow the Bureau of Prisons to be alerted when Defendant is about to be released from his imprisonment on the sentence in the 1997 case and "[u]pon such notification, the Bureau of Prisons will compute Defendant's federal sentence to determine if he has served thirty-six months." Id. at 3. Finally, the United States contends that this Court cannot enter an order regarding Defendant's federal sentence because he has not yet begun to serve it. Id. at 4.

In reviewing Defendant's motion, the Court first notes that he fails to cite any authority for this Court to grant this order "nunc pro tunc." He does cite an Oklahoma statute, an Oklahoma case, and a United States Supreme Court decision on certiorari in which the Court remanded a case to determine whether to require specific performance of a plea agreement or allow a defendant to withdraw his plea. In point of fact, a federal district court has extremely limited authority to modify a sentence once it is imposed.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir.1996) (quotation omitted); United States v. Suarez, No. 07-8011, 2007 WL 2298139, at *2 (10th Cir. Aug. 13, 2007) ("inherent powers" theory offers no ground for district court's jurisdiction over sentence

modification request).[2]  The statutory authority for modifying a sentence comes from 18 U.S.C. § 3582(c), which identifies three situations that permit a sentence to be modified: "upon motion of the Director of the Bureau of Prisons," § 3582(c)(1)(A); "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," § 3582(c)(1)(B); and, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). Otherwise, a defendant must appeal from the sentence or succeed on a petition under 28 U.S.C. § 2255 to obtain relief.  As noted, Defendant did not appeal his conviction in the present case, and he has offered nothing in this motion implicating any of the exceptions to the general rule that such judgments of conviction are final.

Here, there is obviously no motion by the Director of the Bureau of Prisons, making the first exception inapplicable.  Rule 35 of the Federal Rules of Civil Procedure contains time limits that have long since passed: 7 days after sentencing for "correct[ing] a sentence that resulted from arithmetical, technical, or other clear error," one year for motions by the government for reductions based upon substantial assistance, and under limited circumstances on motion of the government after one year. Fed.R.Crim.P. 35. The final exception – that dealing with subsequent lowering of the applicable sentencing range – also has no relevance to Defendant's alleged situation.  There is simply no authority for the relief Defendant seeks, even assuming such were warranted.[3]

---

[2]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[3]The Court also notes the inapplicability of Fed.R.Crim.P. 36, which allows the Court to correct a clerical error in a judgment arising from oversight or omission.  This rule authorizes the court to correct clerical errors but does not give the court authority to substantively modify a defendant's sentence. United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir. 1996).  Here, Defendant sets forth the terms of his plea

## **RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that Defendant's motion be denied. Defendant is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 12, 2007, in accordance 28 U.S.C. § 636 and Local Civil Rule 72.1. Defendant is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F. 2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

Entered this 23rd day of August, 2007.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

agreement, and they are the same ones reflected in the written judgment of conviction. See Defendant's Motion, p. 2 ¶ 2-3.